[Cite as *State v. Sims*, 2013-Ohio-4245.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                           :

    Plaintiff-Appellee              :          C.A. CASE NO.    25465

v.                                      :          T.C. NO.    12CR1743

NATHANIEL S. SIMS                       :          (Criminal appeal from
                                        Common Pleas Court)

    Defendant-Appellant             :

                                        :

. . . . . . . . . .

**O P I N I O N**

Rendered on the   27th   day of    September   , 2013.

. . . . . . . . . .

APRIL F. CAMPBELL, Atty. Reg. No. 0089541, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

NICHOLAS G. GOUNARIS, Atty. Reg. No. 0064527, 130 W. Second Street, Suite 1818, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}   Defendant-appellant Nathaniel Sims appeals his conviction and sentence for

one count of felonious assault, in violation of R.C. 2903.11(A)(1), a felony of the second degree. Sims filed a timely notice of appeal with this Court on November 13, 2012.

{¶ 2} On July 6, 2012, Sims was charged by complaint with one count of felonious assault (serious harm), one count of domestic violence (prior conviction), and one count of disrupting public services. At his arraignment on July 10, 2012, Sims stood mute, and the trial court entered a plea of not guilty on his behalf.

{¶ 3} On October 10, 2012, Sims pled guilty to one count of felonious assault, and the remaining two counts were dismissed. On October 23, 2012, the trial court sentenced Sims to six years imprisonment.

{¶ 4} It is from this judgment that Sims now appeals.

{¶ 5} Sims' sole assignment of error is as follows:

{¶ 6} "THE TRIAL COURT ERRED BY IMPOSING COURT COSTS IN THE SENTENCING ENTRY WITHOUT IMPOSING COURT COSTS AT THE SENTENCING HEARING."

{¶ 7} In his sole assignment, Sims contends that the trial court erred when it failed to orally impose court costs at the sentencing hearing. The State concedes that it was error for the trial court to fail to orally notify Sims at the sentencing hearing that it was imposing court costs. Thus, we remand this matter to the trial court for the limited purpose of allowing Sims to move the court for a waiver of the payment of court costs

{¶ 8} Sims' sole assignment of error of is sustained.

{¶ 9} Sims' sole assignment of error having been sustained, this matter is remanded to the trial court for proceedings consistent with this opinion.

[Cite as *State v. Sims*, 2013-Ohio-4245.]

. . . . . . . . . .

FROELICH, J. and WELBAUM, J., concur.

Copies mailed to:

April F. Campbell
Nicholas G. Gounaris
Hon. Frances E. McGee